UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13-cr-39 |
| | ) | |
| v. | ) | |
| | ) | MATTICE / LEE |
| JENNIFER ALDER | ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on October 16, 2013.

At the hearing, defendant moved to withdraw her not guilty plea to Count One of the seven-count

Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One,

that is of conspiracy to manufacture and distribute a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846

and 841(b)(1)(C) in exchange for the undertakings made by the government in the written plea

agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and

competent to enter an informed plea; the plea is made knowingly and with full understanding of each

of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or

promises, apart from the promises in the plea agreement; the defendant understands the nature of

the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw her not guilty plea to Count

One of the Indictment be granted, her plea of guilty to the lesser included offense of the charge in

Count One, that is of conspiracy to manufacture and distribute a mixture and substance containing

a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(C) be accepted, the Court adjudicate defendant guilty of the lesser

included offense of the charge in Count One of the Indictment, that is of conspiracy to manufacture and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and a decision on whether to accept the plea agreement be deferred until sentencing. Defendant filed a motion to remain on bond after entry of her plea pending sentencing pursuant to 18 U.S.C. §§ 3143(a) & 3145(c) [Doc. 111]. The government objected and a hearing was held on the motion. Defendant's motion to remain on bond is **DENIED** and defendant's bond was revoked as she did not show there were exceptional reasons for release under 18 U.S.C. § 3145(c). Therefore, I further **RECOMMEND** that defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. <u>See</u> 28 U.S.C. §636(b).

2